R. L. GILLESPIE et al., Appellants,

v.

Sam GRIMES, Appellee.

No. 1158.

Court of Civil Appeals of Texas, Tyler.

Feb. 1, 1979.

C. David Porter, Fenley, Bate & Deaton, Lufkin, for appellants.

Wilson McVicker, Jr., McVicker & Evans, Lufkin, for appellee.

MOORE, Justice.

Plaintiffs, R. L. Gillespie, Clemmie Gillespie, and Robert Gillespie and wife, brought suit against defendant, Sam Grimes, seeking a temporary and permanent injunction enjoining the defendant from interfering with their privacy and interfering with their sawmill operations conducted on land adjacent to that owned by the defendant, Sam Grimes. Defendant answered with a general denial and filed a cross-action for damages alleging that smoke, noise and

dust emitting from the sawmill known as Cherokee Lumber Company, Inc.,[1] owned and operated by plaintiffs, created a nuisance resulting in personal injuries to the defendant, as well as depreciating the value of his land and interfering with his horse breeding operation conducted thereon.[2] Ancillary to his action for damages, defendant also sought injunctive relief against the plaintiffs to prevent them from harming him and his family or livestock.

Trial was before a jury. In response to the special issues, the jury found, among other things, that the smoke, noise and dust from the sawmill constituted a temporary nuisance. The jury further found that the nuisance had continued and would continue for a period of twenty-nine months and that the depreciation in the reasonable rental value of defendant's land during such time amounted to $1,000.00 per month. Pursuant to the verdict, the trial court entered judgment against plaintiff, Cherokee Lumber Company, Inc., for the sum of $29,-000.00. The trial court also entered judgment permanently enjoining plaintiff, R. L. Gillespie, from harming Sam Grimes, his family or livestock, and entered judgment enjoining defendant, Sam Grimes, from interfering with R. L. Gillespie's privacy and interfering with the sawmill activities carried on by Gillespie. All other relief requested by all parties was denied.

Cherokee Lumber Company, Inc., and the R. L. Gillespies perfected this appeal. Since the Gillespies do not complain of the judgment, Cherokee Lumber Company, Inc., will hereinafter be referred to as "appellant" and Sam Grimes will be hereinafter referred to as the "appellee."

As the case reaches us, the controversy is confined to that part of the judgment awarding appellee $29,000.00 in damages for the depreciation of the rental value of his land based on the jury's finding of a temporary nuisance. No complaint is made of the action of the trial court in granting injunctive relief.

1. Cherokee Lumber Company, Inc., and Lloyd Gillespie were subsequently joined as third-party defendants.

2. Plaintiffs answered the cross-action with a general denial and a counterclaim for damages.

Appellant seeks a reversal by fifty-one points of error. Under points 34 through 36, appellant contends that the trial court erred in overruling its motion for new trial because there is no evidence or in the alternative that the evidence is insufficient to support the jury's findings to Special Issues Nos. 6 and 6A [3], in which the jury found a depreciation in the reasonable rental value of appellee's land. As we view the record, these points must be sustained.

The jury found by their answers to Special Issues Nos. 1 and 2 that the manner in which the sawmill operation was conducted constituted a nuisance in several respects, but further found that the cross-plaintiff, Sam Grimes, suffered no damages for his personal discomfort, annoyance, and inconvenience.

In Special Issue No. 6 the jury found that the reasonable rental value of appellee's property during the existence of the nuisance was $1,500.00 per month, and in Special Issue No. 6A, the jury found that had the nuisance not existed during such period of time the property would have had a reasonable rental value of $2,500.00 per month. As stated, the jury found that the nuisance was temporary and existed and would continue to exist for a period of twenty-nine months. Accordingly, the trial court entered judgment in favor of the appellee for $29,000.00 for the depreciation in the rental value of the property.

■ It has long been the rule in this state that an action at law for damages may be maintained by a person who has suffered injury through a nuisance. 41 Tex.Jur.2d Nuisance, sec. 77, p. 654. The burden is on the plaintiff to prove the existence of the alleged nuisance and to prove it was a proximate cause of the injury. 41 Tex.Jur.2d Nuisance, sec. 80, p. 658.

■ Where a nuisance causing injury to land is temporary, as here, the plaintiff may recover damages measured by the loss of the reasonable rental value of the property. 41 Tex.Jur.2d Nuisance, sec. 82, p. 664.

■ Although the statement of facts in this case consists of some four hundred-forty pages, we fail to find even one line of testimony mentioning or alluding to the reasonable rental value of the property in question. Appellee argues that his testimony showing that but for the existence of the nuisance, he could have gone into the business of boarding horses and earned considerable business profits, constitutes some evidence supporting the jury's findings of reasonable rental value of the property. While business profits might, in some instances, be an element to be considered in determining reasonable rental value, it constitutes no evidence of what the premises were reasonably worth in the rental market. Insofar as we have been able to discern, the record is completely devoid of any evidence of rental value of the property in question. It follows that the jury's findings of reasonable rental value is not supported by the evidence. Consequently that portion of the judgment awarding appellee damages for depreciation in rental value of the land must be reversed.

In view of our conclusion that there is no evidence to support the jury's findings of the reasonable rental value of appellee's land, we do not reach appellant's factually insufficient evidence points in that regard. However, if such points were reached, we would sustain those points.

3. SPECIAL ISSUE NO. 6:

   If you have found that the nuisance, if any, is temporary in nature and only in that event, then find from a preponderance of the evidence the reasonable rental value of Sam Grimes' property from and after the commencement date, if any, found by you in Special Issue No. 3, up to and including the date of termination, if any, found by you in Special Issue No. 3.
   ANSWER: $1,500.00 per month.
SPECIAL ISSUE NO. 6A:
   If you have found that the nuisance, if any, is temporary in nature and only in that event, then find from a preponderance of the evidence the reasonable rental value of Sam Grimes' property from and after the commencement date, if any, found by you in Special Issue No. 3, up to and including the date of termination, if any, found by you in Special Issue No. 3, if the condition you have found in Special Issue No. 2 had not existed during said period of time.
   ANSWER: $2,500.00 per month.

There being no evidence to support that portion of the judgment awarding appellee damages for depreciation in rental value of the land, the judgment awarding appellee damages in the amount of $29,000.00 is reversed and judgment is rendered decreeing that appellee take nothing on his cause of action for damages to his land. In all other respects the judgment is affirmed.

Affirmed in part and reversed and rendered in part.